UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HI-TECH PHARMACEUTICALS, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| SUPERBALIFE INTERNATIONAL, LLC, a Delaware limited liability company; FRED BUCKLEY, an individual; CORRINE A. BUCKLEY, an individual; | ) CIVIL ACTION NO.: |
| Defendants. | ) |

## COMPLAINT

COMES NOW, the Plaintiff, Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech"), by and through the undersigned counsel of record, and for its Complaint against the Defendants, states as follows:

## PARTIES

1. Hi-Tech is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 6015-B Unity Drive, Norcross, Georgia, 30071. Hi-Tech does substantial business within the State of Georgia and throughout the United States, including manufacturing, sales, distribution, marketing and promotion of dietary supplement products.

1

2. Upon information and belief, Defendant, Superbalife International, LLC ("Superbalife") is a Delaware limited liability company with its principal place of business located at 1171 S. Robertson, Blvd., Suite 525, Los Angeles, California 90035. Superbalife is engaged in the business of sales, manufacturing, distribution and marketing of various dietary supplement products. Superbalife may be served with process through its registered agent for service National Registered Agents, Inc., 2875 Michelle Drive, Suite 100, Irvine, California 92606.

3. Upon information and belief, Defendant, Fred Buckley ("Fred Buckley") is an individual over the age of 19 years who resides at 1315 Angelo Drive, Beverly Hills, California 90035. Upon information and belief, Fred Buckley is engaged in the business of sales, manufacturing, distribution and marketing of various dietary supplement products both, individually on his own behalf, as well as, through Defendant, Superbalife. Fred Buckley may be served with process at his residence address of 1315 Angelo Drive, Beverly Hills, California 90035.

4. Upon information and belief, Defendant, Corinne A. Buckley ("Corinne Buckley") is an individual over the age of 19 years who resides at 1315 Angelo Drive, Beverly Hills, California 90035. Upon information and belief, Corinne Buckley is married to Defendant, Fred Buckley. Furthermore, upon information and belief, Corinne Buckley serves as the President and owner of

Superbalife. Corinne Buckley is engaged in the business of sales, manufacturing, distribution and marketing of various dietary supplement products both, individually on her own behalf, as well as, through Defendant, Superbalife. Corinne Buckley may be served with process at her residence address of 1315 Angelo Drive, Beverly Hills, California 90035.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1332(a)(1) through diversity of citizenship, as the action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

6. The Court may exercise personal jurisdiction over the Defendants pursuant to O.C.G.A. § 9-10-91 because one or more of the Defendants are doing business in this judicial district and/or have committed the acts complained of herein within this judicial district, among other wrongful and unlawful acts. This Court therefore has jurisdiction over the Defendants pursuant to the provisions of the Georgia long-arm statute.

7. Venue is proper under 28 U.S.C. § 1391(b) in that one or more of the Defendants are doing and transacting business within this judicial district, and have committed the acts complained of herein in this judicial district of the State of Georgia.

**BACKGROUND FACTS**

8.  Hi-Tech produces and distributes dietary supplement products nationwide through various wholesale and retail outlets. In connection with its business, Hi-Tech had a business relationship with the Defendants, Superbalife, Fred Buckley and/or Corinne Buckley, in which Hi-Tech sold its dietary supplement products to them, individually and/or collectively, for the purpose of resale to the consuming public.

9.  In addition, Hi-Tech's President and CEO, Jared Wheat, has had a personal business relationship with Fred and Corinne Buckley in which the Buckley's purchased dietary supplements from Hi-Tech through Mr. Wheat. In this regard, upon information and belief, both Fred Buckley and Corinne Buckley, routinely placed and received orders with Mr. Wheat and others at Hi-Tech for the purchase of such products from Hi-Tech in both their individual capacities, as well as on behalf of Superbalife. Such activity constituted the regular pattern and course of business between Hi-Tech, Mr. Wheat and the Defendants in terms of their business relationship with Fred Buckley, Corinne Buckley and Superbalife.

10. Upon information and belief, in order to provide certain assurances to Hi-Tech in regard to such business with the Defendants, Corinne Buckley personally guaranteed the debts of the other Defendants.

11. Thereafter, the Defendants, individually and collectively, purchased dietary supplement products from Hi-Tech. Attached hereto as Exhibit A are copies of invoices dated from September 8, 2008 to September 17, 2009 from Hi-Tech for the purchase of such dietary supplement products by the Defendants. These invoices total $539,337.40.

12. On October 1, 2009, the Defendants attempted to pay Hi-Tech a check in the amount of $64,974.83 for a portion of the unpaid invoices. However, the bank returned the check unpaid with a notation on the check that payment had been stopped by the Defendants. A copy of this returned check is attached hereto as Exhibit B.

13. Upon information and belief, although the referenced invoices were addressed to Superbalife, Defendant Corinne Buckley is liable for the debts of Superbalife by virtue of her guarantee of the debts of the Defendants.

14. In addition, upon information and belief, Defendant Corinne Buckley is further liable for the debts of Superbalife by virtue of her use of Superbalife as her alter ego and her disrespect for the corporate form of Superbalife.

15. By letter dated, February 25, 2011, Hi-Tech demanded payment of these invoices. A copy of this letter is attached hereto as Exhibit C. Nevertheless, despite these facts, as of the filing of this Complaint, the referenced invoices remain unpaid by the Defendants, individually and/or collectively.

## COUNT ONE

### (Breach of contract)

16.     Hi-Tech incorporates paragraphs 1 through 15 as if fully set forth herein.

17.     By the terms of the parties' agreements, as demonstrated by the parties' pattern of conduct, the Defendants, individually and on behalf of Superbalife, agreed to purchase Hi-Tech's dietary supplement products for resale to the consuming public.  Despite Hi-Tech having shipped the purchased dietary supplement product to the Defendants and having invoiced the Defendants for such products, the Defendants have failed or refused to remit payment to Hi-Tech even after written demand for such payment.

18.     The conduct of the Defendants amounts to a breach of the parties' agreements and has resulted in direct and proximate damage to the Hi-Tech.

19.     Defendant Corinne Buckley is personally liable for the Defendants' breach due to her agreement to guarantee the Defendants' debts.

20.     Defendant Corinne Buckley is further liable to Hi-Tech due to her failure to respect the corporate form of Superbalife.

WHEREFORE, PREMISES CONSIDERED, Hi-Tech demands judgment against the Defendants in the amount of $539,337.40, plus, interest, costs and all other further relief to which Hi-Tech is entitled.

## COUNT TWO

### (Open Account)

21. Hi-Tech incorporates Paragraphs 1 through 20 as if fully set forth herein.

22. The Defendants owe Hi-Tech $539,337.40 due by open account.

23. Defendant Corinne Buckley is personally liable for the Defendants' breach due to her agreement to guarantee the Defendants' debts.

24. Defendant Corinne Buckley is further liable to Hi-Tech due to her failure to respect the corporate form of Superbalife.

WHEREFORE, PREMISES CONSIDERED, Hi-Tech demands judgment against the Defendants in the amount of $539,337.40, plus interest, costs and all other further relief to which Hi-Tech is entitled.

## COUNT THREE

### (Account Stated)

25. Hi-Tech incorporates paragraphs 1 through 24 as if fully set forth herein.

26. The Defendants owe Hi-Tech $539,337.40 due by account stated.

27. Defendant Corinne Buckley is personally liable for the Defendants' breach due to her agreement to guarantee the Defendants' debts.

28.     Defendant Corinne Buckley is further liable to Hi-Tech due to her failure to respect the corporate form of Superbalife.

WHEREFORE, PREMISES CONSIDERED, Hi-Tech demands judgment against the Defendants in the amount of $539,337.40, plus interest, costs and all other further relief to which Hi-Tech is entitled.

Respectfully submitted this the 7th day of September, 2012.

        Counsel for Hi-Tech Pharmaceuticals, Inc.

/s/ *Arthur W. Leach*
Georgia Bar No. 442025
5780 Windward Pkwy, Suite 225
Alpharetta, Georgia 30005
Telephone: (404) 786-6443
Email: art@arthurwleach.com

Joseph P. Schilleci, Jr.
Pro Hac Vice to be submitted
The Schilleci Law Firm, LLC
512 Montgomery Hwy, Suite 210
Birmingham, Alabama 35216
Telephone: (205) 978-4211
Email:  jps@schillecilaw.com

**Defendants to be served at the following locations:**

Superbalife International, LLC
c/o National Registered Agents, Inc.
2875 Michelle Drive, Suite 100
Irvine, California 92606

Fred Buckley
1315 Angelo Drive
Beverly Hills, California 90035

Corinne A. Buckley
1315 Angelo Drive
Beverly Hills, California 90035