UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HI-TECH PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUPERBALIFE INTERNATIONAL LLC, a Delaware limited liability company; FRED BUCKLEY, an individual; CORINNE A. BUCKLEY, an individual, <br><br> Defendants. | CIVIL ACTION FILE NO: <br><br> 1:12-CV-03130-CAP |

**REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES FROM HI-TECH PHARMACEUTICALS, INC.**

**I.  HI-TECH CONCEDES THAT, NOTWITHSTANDING ITS MOTION FOR A PROTECTIVE ORDER, IT BROKE A PROMISE TO PROVIDE ALL OF THE DISCOVERY SUBJECT TO THIS MOTION**

Plaintiff Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech") leads with the perverse argument that defendant Superbalife International, LLC's ("Superbalife") did not adequately meet and confer regarding this motion to compel (filed at 7:30 pm on the evening of March 28, 2013, the last day to file under L.R. 37-1 (Dkt. No. 40)) because Hi-Tech had *already promised* Superbalife's new counsel that it would provide – that same day – responses to all requests for production, interrogatories,

and requests for admissions (and produce Mssrs. Wheat and Smith for deposition at a future unspecified date). Hi-Tech *immediately broke that promise and still has not made good on it*. Thus, Hi-Tech's entire argument boils down to this: Superbalife should have fallen for empty promises and gladly played the role of hapless fool rather than file a motion to compel to protect its rights.[1]

Hi-Tech openly concedes that on March 28, 2013 its counsel promised Superbalife's counsel same-day discovery responses (the motion for a protective order notwithstanding): "…we will be producing our discovery responses today." (Opposition, p. 2, emphasis added.) Hi-Tech also admits the truth of Superbalife's

---

[1] To be clear, as set forth in Superbalife's opposition to Hi-Tech's cross-motion to compel (Dkt. 37): Superbalife has responded to all of Hi-Tech's written discovery. Superbalife did not appear for its deposition because the deponent, Chief Financial Officer Bruce Ogintz, passed away tragically and unexpectedly. Fred and Corinne Buckley could not appear because they were mourning the loss of Mr. Ogintz (and another close friend, Gerry Harrington, who had passed less than two weeks earlier) and Hi-Tech would not grant a continuance. Now it seems questionable whether Hi-Tech ever had a good faith basis for deposing the Buckleys in the first place. After they threatened Hi-Tech with a motion for Rule 11 sanctions (Dkt. 44, Ex. 3), Hi-Tech promptly responded with a proposed stipulation dismissing them from the case entirely. (Exhibit A.) (There is nothing to suggest that Exhibit A was intended as a confidential settlement communication per F.R.E. 408; rather, Hi-Tech's counsel sent it in the context of a discovery "Meet and confer," as evidenced by the cover e-mail. Regardless, F.R.E. Rule 408 does not make a settlement offer inadmissible where, as here, it is used to underscore abusive tactics or improper motive. *See Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 680-81 (D. Arizona 1993) (evidence of settlement negotiations not made inadmissible by Rule 408 where offered to show perceived "improper retaliatory motive").)

Certificate of Counsel: "<u>Plaintiff's counsel indicated that Hi-Tech would provide discovery responses and make Jared Wheat and Stephen Smith available for deposition</u>." (*Id*., p. 4, emphasis added.) In other words, Hi-Tech completely reversed the position taken in its motion for a protective order – the very same motion that Hi-Tech simultaneously claims relieved its obligation to respond to Superbalife's written discovery.

However, Hi-Tech failed to make good on its promise, providing only responses to the requests for production (and, ultimately, several hundred pages of documents). Hi-Tech did not serve responses to Superbalife's interrogatories or requests for admissions, and now appears to have reneged on its promise to produce Mssrs. Wheat and Smith for deposition as well.

Nonetheless, Hi-Tech audaciously claims that Superbalife should have blindly accepted Hi-Tech's discovery promises, blown the motion to compel deadline, and waited in vain for Hi-Tech to honor the very promises it now admits to having broken. Conveniently, under this scenario, Superbalife would have been stuck without any enforcement remedy. Hi-Tech would have gotten away with its broken promises.

The one case Hi-Tech cites to support its contention that Superbalife did not adequately meet and confer is readily distinguishable. In *Aponte-Navedo v. Nalco Chemical Co.*, 268 F.R.D. 31, 40-41 (D. Puerto Rico 2010), the plaintiff moved to compel the defendant to provide *further* responses after the defendant objected to certain requests for production. The district court ruled that under such circumstances, two short e-mails sent by plaintiff did not constitute a sufficient met and confer effort, absent any showing that counsel discussed the issue "personally or through a telephone conference." *Id*. at 40. In the instant case, there were no substantive discovery issues to resolve through meet and confer – there was only the question of *whether* Hi-Tech would serve discovery responses. Counsel discussed this issue by e-mail *and telephone*, and Hi-Tech promised to provide full responses that same day. Hi-Tech did not do so (other than responding to the requests for production) by the close of business that day or anytime thereafter.[2] Thus, Superbalife was more than justified in bringing this motion to compel at 7:30 pm on the last possible day to bring it – as evidenced by Hi-Tech's subsequent refusal to honor its promises.

---

[2] Defendants' counsel did not receive any responses, including responses to

4

## II. HI-TECH INCORRECTLY ASSUMES THAT FILING A MERITLESS MOTION FOR A PROTECTIVE ORDER EXCUSED IT FROM RESPONDING TO SUPERBALIFE'S DISCOVERY REQUESTS

Hi-Tech presumes, without analysis or authority, that the mere act of filing for a protective order on March 8, 2013 (just days before its responses to Superbalife's discovery requests were due on March 14) excused its obligation to serve discovery responses or objections.  However, Hi-Tech's effort to hide behind its protective order motion as an excuse for its admittedly intentional refusal to respond to Superbalife's discovery requests is unavailing.  In fact, Hi-Tech has now waived all objections (including any claim of privilege) to Superbalife's interrogatories and requests for admissions – and the requests for admissions are deemed admitted.

Presumably, Hi-Tech sought to rely on F.R.C.P. Rule 37(d), which provides that a party may be sanctioned for failure to respond to discovery "unless the party failing to act has a pending motion for a protective order under Rule 26(c)." *Id*., Rule 37(d)(2).  However, Rule 37(d) makes clear that a pending protective order only immunizes against the imposition of *sanctions* (which Superbalife does not seek), it does not entirely obliterate the obligation to respond.  In fact, the 1993

---

document request prior to filing Defendants' Motion to Compel.

Advisory Committee Notes regarding Rule 37(d)(2) explain that "…the filing of a motion under Rule 26(c) is not self-executing – the relief authorized under that rule *depends on obtaining the court's order to that effect*." (Emphasis added.) *See also Amobi v. District of Columbia Dept. of Corrections*, 257 F.R.D. 8, 10-11 (D. D.C. 2009) (noting that "[t]he fact that conduct is not sanctionable under Rule 37 does not make it proper" and warning parties that the filing of frivolous last minute protective orders was nonetheless subject to sanctions under the court's "inherent authority to control discovery"). Hi-Tech merely *filed* for a protective order, but had not actually obtained one. Thus, it still needed to serve objections in order to preserve them, and failed to do so.

     Furthermore, as the party seeking a protective order, Hi-Tech carried the burden of showing both "good cause" for such an order (*see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)), and a "particular need" for the protection sought. *See Trans Pacific Insurance Company v. Trans-Pacific Insurance Co.*, 136 F.R.D. 385, 391 (E.D. Pa. 1991), *citing United States v. Garrett*, 571 F.2d 1323, 1326 (5th Cir. 1978) (broad allegations of harm, unsubstantiated by specific examples of articulated reasoning to not satisfy Rule 26(c) good cause requirement). Hi-Tech has not met either requirement, and filing a motion for a protective order that does not comply with the requirements of

6

F.R.C.P. 26(c) is tantamount to not filing a protective order at all.  *See Ferko v. NASCAR, Inc.*, 218 F.R.D. 125, 143-44 (E.D. Texas 2003) (rejecting interpretation of Rule 37(d) that would allow a party to "file an incomplete motion for a protective order… yet gain an unearned extension of time").

In fact, the frivolity of Hi-Tech's motion for a protective order is evident from the fact that after filing the motion, Hi-Tech readily backed down and *agreed to provide responses to all of Superbalife's discovery requests and produce witnesses for deposition*.  (Opposition, pp. 2, 4.)  Doing so amounted to a concession that there is no actual need for the relief sought in Hi-Tech's motion for a protective order.  Thus, Hi-Tech cannot credibly point to that motion as a basis for failing to serve discovery responses that it *already promised to provide*.  Superbalife's motion to compel merely seeks to force Hi-Tech to both comply with federal court discovery obligations and live up to its own broken promises.

Respectfully submitted, this 22nd day of April, 2013.

/s/ Jonathan M. Jenkins
Jonathan M. Jenkins*
California Bar No. 193011
jjenkins@jmjenkinslaw.com
\* *Admitted Pro Hac Vice*
Attorneys for Defendants Superbalife International, LLC, Fred Buckley and Corinne A. Buckley

7

JENKINS LLP
8075 W. Third Street, Ste 407
Los Angeles, California 90048
Ph. (310) 984-6800
Fax (310) 984-6840

                                Jason W. Graham
                                Georgia Bar No. 304595
                                jason@grahamandpenman.com
                                Raegan M. King
                                Georgia Bar No. 812035
                                raegan@grahamandpenman.com
                                Attorneys for Defendants Superbalife International, LLC, Fred Buckley and Corinne A. Buckley

Graham & Penman, LLP
17 Executive Park Drive, Suite 115
Atlanta, Georgia 30329
Telephone: (404) 842-9380
Facsimile:  (678) 904-3110

8

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing document has been prepared in Times New Roman, 14-point font in accordance with LR 5.1 and LR 7.1(d).

This 22nd day of April, 2013.

/s/ Jonathan M. Jenkins
Jonathan M. Jenkins*
California Bar No. 193011
jjenkins@jmjenkinslaw.com
* *Admitted Pro Hac Vice*
Attorneys for Defendants Superbalife International, LLC, Fred Buckley and Corinne A. Buckley

JENKINS LLP
8075 W. Third Street, Ste 407
Los Angeles, California 90048
Ph. (310) 984-6800
Fax (310) 984-6840

Jason W. Graham
Georgia Bar No. 304595
jason@grahamandpenman.com
Raegan M. King
Georgia Bar No. 812035
raegan@grahamandpenman.com
Attorneys for Defendants Superbalife International, LLC, Fred Buckley and Corinne A. Buckley

Graham & Penman, LLP
17 Executive Park Drive, Suite 115
Atlanta, Georgia 30329
Telephone: (404) 842-9380
Facsimile:  (678) 904-3110

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties with a copy of the foregoing via the Court's CM/ECF notification system to:

>Arthur W. Leach, Esq.
>5780 Windward Parkway
>Suite 225
>Alpharetta, Georgia 30005
>art@arthurwleach.com

This the 22ns day of April, 2013.

>/s/ Jonathan M. Jenkins
>Jonathan M. Jenkins*
>California Bar No. 193011
>jjenkins@jmjenkinslaw.com
>* *Admitted Pro Hac Vice*
>Attorneys for Defendants Superbalife International, LLC, Fred Buckley and Corinne A. Buckley

JENKINS LLP
8075 W. Third Street, Ste 407
Los Angeles, California 90048
Ph. (310) 984-6800
Fax (310) 984-6840

>Jason W. Graham
>Georgia Bar No. 304595
>jason@grahamandpenman.com
>Raegan M. King
>Georgia Bar No. 812035
>raegan@grahamandpenman.com

2

3

                            Attorneys for Defendants Superbalife International, LLC, Fred Buckley and Corinne A. Buckley

Graham & Penman, LLP
17 Executive Park Drive, Suite 115
Atlanta, Georgia 30329
Telephone: (404) 842-9380
Facsimile:  (678) 904-3110